IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CHRISTIE LEE MARSHALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION V-10-10 |
| MICHAEL J. ASTRUE, § | |
| Commissioner, § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Michael J. Astrue's ("the Commissioner") Motion for Summary Judgment (Dkt. No. 6). Having considered the Commissioner's motion, Plaintiff Christie Lee Marshall's ("Plaintiff") response (Dkt. No. 7), the Commissioner's reply (Dkt. No. 8), the record, and the applicable law, the Court is of the opinion that the Commissioner's motion should be **GRANTED**.

**I. Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner denying Plaintiff's application for disability insurance benefits. (Pl. Compl., Dkt. No. 1.)

Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income payments on July 24, 2007. (Tr. 9, Dkt. No. 4 at 131—33, 134—37.) Plaintiff initially alleged disability beginning on November 1, 2006 due to psoriasis. (Tr. 9, 152.) Her applications were denied by the Commissioner and again on reconsideration. (Tr. 9, 67—70, 81—87.) Plaintiff had a hearing before an Administrative Law Judge (ALJ) on December 12, 2008, at which a medical expert (ME) and a vocational expert (VE) testified. (Tr.

9, 23—60.) Plaintiff appeared at the hearing with her attorney and also testified. (*Id.*) At the time of the hearing, Plaintiff was a 24 year-old single mother with a tenth grade education and no past relevant work experience. (Tr. 13, 17, 27.)

On February 23, 2009, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 9-19.) Plaintiff requested review of the ALJ's decision by the Social Security Administration's Appeals Council. (Tr. 5.) The Appeals Council denied Plaintiff's request on June 19, 2009, at which time the ALJ's determination became the final decision of the Commissioner. (Tr. 1—4.) Plaintiff filed this action on August 26, 2010, seeking review of the Commissioner's final decision. (Dkt. No. 1.)

## II. Legal Standard

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: (1) whether substantial record evidence supports the decision, and (2) whether proper legal standards were used to evaluate the evidence. *See Walters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.2d 131, 135 (5th Cir. 2000). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In applying this standard, the Court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the Court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F3d 492, 496 (5th Cir. 1999). Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the Court overturn it.

*Johnson v. Bowen*, 864 F.2d 340, 343—44 (5th Cir. 1988). The Court reviews the legal standards applied by the Commissioner de novo.

To claim entitlement to disability benefits, a claimant must show that he was disabled on or before the last day of his insured status. *Demandres v. Caliano*, 591 F.2d 1088 (5th Cir. 1979). The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which…has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

(1) A claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are.

(2) A claimant will not be found to be disabled unless he has a "severe impairment."

(3) A claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors.

(4) A claimant who is capable of performing work he has done in the past must be found "not disabled."

(5) If the claimant is unable to perform his previous work as a result of his impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether he can do other work. *See* 20 C.F.R. § 404.1520(b)—(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

Case 6:10-cv-00010   Document 9   Filed in TXSD on 01/31/12   Page 4 of 9

To be entitled to benefits, a claimant bears the burden of proving that he is unable to engage in substantial gainful activity within the meaning of the Social Security Act. *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The claimant must show that he suffers from mental or physical impairment that not only renders him unable to perform his previous work, but, given his age, education, and work experience, prevents him from engaging in any other kind of substantial gainful work that exists in the national economy regardless of whether such work exists in the immediate area in which he lives, whether a specific job vacancy exists for him, or whether he would be hired if he applied for the work. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). However, if the claimant can show that he can no longer perform his previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment the claimant can perform. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing the burden on the fifth. *See Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The analysis stops at any point in the five-step process upon a finding that the claimant is or is not disabled. *See Greenspan*, 39 F.3d at 236.

**III. Analysis**

Following Plaintiff's December 12, 2008 hearing, the ALJ evaluated Plaintiff's disability claim according to the aforementioned five-step process and issued the following Findings of Fact and Conclusions of Law:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2007.

2. The claimant has not engaged in substantial gainful activity since November 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: systemic lupus erythematosus (SLE); psoriasis; skin abscesses/boils; rheumatoid arthritis

4

    (RA); arthralgias; and osteopenia (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*); *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985)).

    . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

    . . .

5. [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) including lifting 20 lbs occasionally and 10 lbs frequently; standing and walking a combined 6 hours in an 8 hour work day, with no sitting limitations, except she is limited to occasional crouching, crawling, kneeling, stooping, and bending, and no climbing of ropes/ladders/scaffolds or dangerous balancing. Additionally, she is limited to fine fingering for 4 hours in an 8-hour workday but has no limitation in gross manipulation/handling. She is also limited to work that does not entail significant time spent outdoors.

    . . .

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

    …

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

    . . .

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2006 through the date of this decision (20 CFR 404.1520(f) and 416.920(g)).

(Tr. 11—18.)

Plaintiff now presents three grounds for reversal:

(1) The ALJ erred in failing to find that Plaintiff's lupus met or equaled the requirements of Listing 14.02;

(2) The ALJ erred in failing to complete a Psychiatric Review Technique Form; and

(3) The ALJ's Residual Functional Capacity assessment is fundamentally flawed.

### A. Whether the ALJ Erred in Failing to Find that Plaintiff's Lupus Met or Equaled the Requirements of Listing 14.02.

Plaintiff first argues that her SLE equals the requirements for Listing 14.02.

To meet Listing 14.02A, Plaintiff must show involvement of two or more bodily systems or organs, with at least one involving a moderate level of severity. 20 C.F.R. Pt. 404, Subpt. P,

5

App. 1, Listing 14.02A. Additionally, Plaintiff must show at least two constitutional symptoms or signs, such as fever, severe fatigue, malaise, or involuntary weight loss. *Id*. To meet Listing 14.02B, Plaintiff must show repeated manifestations of SLE with at least two of the constitutional symptoms referenced in Listing 14.02A, which results in marked limitations of daily living, maintaining social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence, and pace. *Id.*, Listing 14.02B.

Here, the ALJ found that Plaintiff's SLE was severe but ultimately concluded that it did not meet the requirements for Listing 14.02. The ALJ noted that Plaintiff's daily activities and social functioning were not limited, as Plaintiff testified that she could take care of her daughter, cook, wash dishes, clean her own room, do laundry, watch television, and, when needed, sweep, mop, and vacuum the house. (Tr. 16.) Plaintiff also visited with her brother daily and occasionally saw friends. (*Id*.) The ALJ further cited the testimony of Dr. George Decherd, the medical expert who testified at Plaintiff's disability hearing. (Tr. 12.) The record indicates that when Plaintiff's counsel specifically asked Dr. Decherd whether Plaintiff's condition met the severity required by Listing 14.02, he responded that her condition "did not meet the severity of that particular listing." (Tr. 52.) Plaintiff has cited no evidence contradicting Dr. Decherd's testimony.

The Court finds that the record supports the ALJ's decision, and this issue does not require remand.

### B. Whether the ALJ Erred in Failing to Complete a PRTF

Plaintiff next argues the ALJ failed to complete a Psychiatric Review Technique Form (PRTF).

The written decision of the ALJ must determine the extent of claimant's mental limitations and consider those findings in their decision when a mental impairment is alleged. 20

C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2). The PRTF represents one way in which such findings may be documented, 20 C.F.R. § 404.1520a(e)(2); however, a PRTF is not mandatory at the ALJ and Appeals Council levels, as final decisions may cover the ALJ's findings and conclusions the psychiatric review technique mandated by without use of the PRTF. *Id.*; 65 F.R. 50746, 50757-50758 (August 21, 2000).

Here, Plaintiff states that although "not addressed by the ALJ as to severity or in assessing residual functional capacity, depression is a condition documented in evidence of sufficient severity to require treatment." (Dkt. No. 7 at 5 (citing Tr. 260, 324, 335—36).) A review of the medical records cited by Plaintiff indicates that during a September 14, 2007 evaluation by Dr. Ann M. Alemen Weinnmenn for "treatment of joint pain and positive ANA," Plaintiff responded "yes" when asked about depression. (Tr. 260.) However, Dr. Weinnmenn made no diagnosis of depression, nor did she order any treatment for depression. (Tr. 261.) The record further reflects that when Plaintiff went to the Amistad Community Health Center on July 2, 2008 complaining of a nodule on the back of her head, she was prescribed Paxil for "DEPRESSIVE DISORDER NOT ELSEWHERE CLASSIFIED." (Tr. 335—36.) However, neither Plaintiff nor her attorney made any mention that Plaintiff was depressed during her disability hearing, or that her depression impaired her ability to work. (Tr. 24—60.) Even when Plaintiff was explicitly asked by the ALJ whether she had any other medical conditions or impairments besides her SLE, boils, cataracts, and RA that he needed to know about in order to decide her case fairly and correctly, Plaintiff responded, "No, sir." (Tr. 42.)

Plaintiff bears the burden of showing any error committed by the ALJ and proving it is harmful, thus requiring remand. *Shinseki v. Simmons*, 556 U.S. 396, 129 S. Ct. 1696, 1706 (2009). Even assuming the ALJ did err in failing to evaluate Plaintiff's depression under the

psychiatric review technique, Plaintiff has pointed to no evidence that her depression was severe or that her ability to work was limited due to mental illness.

The Court finds that the record supports the ALJ's decision, and this issue does not require remand.

### C. Whether the ALJ's RFC Assessment Was Fundamentally Flawed.

Finally, Plaintiff argues that the ALJ's Residual Functional Capacity (RFC)[1] assessment failed to address her inability to perform and maintain employment on a regular and continuing basis. Specifically, Plaintiff claims that "[i]n *Watson*, the Fifth Circuit held that the standard set forth in *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986) that '[a] finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time' also applies to determinations of physical ability." (Dkt. No. 7 at 9.)

Like Plaintiff here, the plaintiff in *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003), claimed that in *Watson*, the Fifth Circuit extended the Singletary decision to require that in all disability cases, the ALJ must make a finding that a claimant is capable of sustained employment in order to defeat a disability claim. In limiting the scope of *Watson*, the Fifth Circuit held that "nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case." 326 F.3d 619. Instead, the ALJ is required to separately address the issue of whether a claimant can maintain employment for a significant period of time only when the claimant's physical ailment "waxes and wanes in its manifestation of disabling symptoms." *Id.* Because Frank did not allege that her "intermittently recurring symptoms [were] of sufficient frequency or severity to prevent [her] from holding a job for a

---

1. "Residual functional capacity" (RFC) refers to the greatest capacity of an individual to do work despite any limitations. 20 C.F.R. § 416.945(a)(1).

significant period of time," the Fifth Circuit held that the ALJ was not required to make a separate finding as to whether she was capable of maintaining employment. *Id.* at 619—620.

Here, although Plaintiff claims that her abscesses, boils, and arthritis flared up intermittently with brief periods of remission, she has presented no evidence that these impairments ever rose to the level of severity as to debilitate her ability to perform in the workplace. Accordingly, the ALJ was not required to make a separate finding regarding Plaintiff's ability to maintain employment on a regular and continuing basis.

The Court finds that the record supports the ALJ's decision, and this issue does not require remand.

**IV. Conclusion**

For the reasons stated above, the Commissioner's Motion for Summary Judgment (Dkt. No. 6) is **GRANTED**; and the decision of the ALJ is **AFFIRMED**.

It is so **ORDERED**.

**SIGNED** this 31st day of January, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE